# CIRCUIT COURT OF THE CITY OF RICHMOND

Matthew Warren Smith

v.

Chippenham and
Johnston-Willis Hospitals, Inc.,
a.k.a. Tucker Pavilion

March 17, 1999

Case No. LF-6-1

BY JUDGE MELVIN R. HUGHES, JR.

In this case, the defendant hospital seeks to have plaintiff's motion for judgment dismissed as time barred according to a Special Plea of the Statute of Limitations.

In a motion for judgment filed on September 15, 1998, plaintiff alleges that on or about February 27, 1995, he was a minor and a patient at the Tucker Pavilion of the hospital. While there, he was allegedly assaulted by another patient who the hospital knew was "dangerous and prone to violence." As a result, plaintiff states, he suffered physical pain and mental anguish and seeks a money judgment.

The hospital contends that this is a medical malpractice action. Thus, under Va. Code § 8.01-243.1, a person who was a minor at the time must assert such a claim against a health care provider by filing "within two years of the date of the last act or omission giving rise to the cause of action ... ." Contending that plaintiff did not file within the two year period, the hospital asks that plaintiff's action be dismissed.

Plaintiff contends that his claim does not come under the medical malpractice rules because his claim is not one involving medical malpractice. Rather, the case is one of negligence where the plaintiff has asserted a standard of care, a duty, a breach thereof, and damages. Since plaintiff was born on

September 16, 1978, and has since attained the age of majority, his action is not time barred.

Under Va. Code § 8.01-581.1, "malpractice" as to health care providers "means any tort based on health care or professional services rendered, or which should have been rendered, by a health care provider to a patient." The statute further provides that the term "health care" means "any act, or treatment performed or furnished, or which should have been performed or furnished, by any health care provider for, to, or on behalf of the patient during the patient's medical diagnosis, care, treatment or confinement." At the hearing on the motion, counsel for the hospital represented that Tucker Pavilion is a mental health care facility at the hospital and that the claim against the hospital necessarily implicates the decisions made concerning plaintiff's placement among other patients. These decisions touch and concern provisions for health care services afforded plaintiff at the time and, therefore, must relate to medical malpractice as alleged and defined.

"The crucial question then becomes whether the plaintiff's allegations, as a matter of law, demonstrate that defendant's alleged tortious conduct was based on health care or professional services rendered within the meaning of the [Virginia Medical Malpractice] Act." *Hagan v. Antonio*, 240 Va. 347, 349 (1990). The court finds that they do not. There is nothing alleged that fixes the defendant's conduct on "health care or professional services rendered." Nor can it be fairly implied from the allegations that the defendant's conduct was involved with such services at the time. All that can be discerned from the pleadings is that defendant breached a stated duty to maintain plaintiff's safety and breached that duty by placing him in "a secured, confined area with another ... patient ... known to be dangerous and prone to violence ... ." As alleged, the acts attributed to the defendant do not concern the performance of health care as defined.

Accordingly, the plea is overruled.